MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David J. Benak, et al., | No. CV 13-8115-PCT-DGC (SPL) |
| Plaintiffs, | |
| vs. | **ORDER** |
| Board of Yavapai County Supervisors, et al., | |
| Defendants. | |

**I.   Procedural History.**

On January 8, 2013, Plaintiff David J. Benak and others (Jose L. Islas; Jerry Shelton, Jr.; James W. Pletcher; Jeffrey Jensen; and Troy Sims) who are or were confined in the Yavapai County Detention Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983—*Benak v. Board of Yavapai County Supervisors*, 13-CV-8004-PCT-DGC (SPL).  In a May 9, 2013 order, the Court concluded that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket and that allowing each Plaintiff to proceed separately would overcome the unfairness.  The Court severed the case into individual actions, one for each Plaintiff.

In the May 9 order, the Court noted that only one Plaintiff (Troy Sims) had paid the filing fee, and therefore gave the other Plaintiffs (including Plaintiff Benak) 30 days to either pay the filing fee or file an Application to Proceed *In Forma Pauperis*.  In addition, the Court dismissed the complaint for failure to comply with Local Rule of

Civil Procedure 3.4.  The Court gave each Plaintiff 30 days to file an amended complaint, on a court-approved form, that complies with the instructions provided with the form.[1]

The Court directed the Clerk to assign a new case number to each new individual action and to file a copy of the complaint and the May 9 order in each new case.  The Clerk of Court has done so.  This case—*Benak v. Board of Yavapai County Supervisors*, 13-CV-8115-PCT-DGC (SPL)—is Plaintiff David J. Benak's lawsuit.

**II.     Filings in this Lawsuit.**

On June 11, 2013, Plaintiff filed a "Motion for Continuance[/]Notice of Change of Address."  On June 28, 2013, he filed a Motion for Reconsideration.  In a September 5, 2013 order, the Court denied the Motion for Reconsideration and granted the Motion for Continuance.  The Court gave Plaintiff an additional 30 days to comply with the May 9 order by (1) filing an amended complaint and (2) either paying the filing fee or filing an Application to Proceed *In Forma Pauperis*.

On October 7, 2013, Plaintiff filed a Motion in Response to Order (Doc. 8).  In his motion, Plaintiff states that he will not be able to comply with the September 5 order because he wants to "exercise [his] Lewis v. Casey rights and utilize [his] statute of limitations to prepare."  The Court, in its discretion, will construe Plaintiff's motion as a request to voluntarily dismiss this case without prejudice.  Under Rule 41(a) of the Federal Rules of Civil Procedure, a party may dismiss an action without an order of the court by filing a notice of dismissal at any time before service of an answer or a motion for summary judgment.  The right to voluntarily dismiss an action under these circumstances is absolute.  *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999).  The Court will therefore grant Plaintiff's motion and will dismiss this case without prejudice.

---

[1] The Court also granted Plaintiff Benak's Motion for Status and Document requesting status and denied Plaintiff Benak's Motion to Expedite and another Plaintiff's "Motion for 'Official pro per Status' Ordering Defendants to Grant Law Library Access."

- 2 -

As to Plaintiff's request for a copy of the receipt for the filing fee, the Court, in its discretion, will direct the Clerk of Court to send Plaintiff a copy of the receipt for the filing fee that was paid in 13-CV-8004-PCT-DGC (SPL) by Nora Jenkins for Troy Sims.

As to Plaintiff's request for a copy of the complaint, the Court will deny Plaintiff's request. The Court notes that Nora Jenkins came to the courthouse to file the complaint. Any additional copies would have been returned to her by the Clerk of Court after she filed the lawsuit. Thus, Plaintiff should contact Nora Jenkins to obtain a copy of the complaint. Alternatively, the Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. Therefore, the Clerk of Court will provide Plaintiff with copies of documents only upon receipt of a written request accompanied by payment of the 50 cents per page copy fee.

**IT IS ORDERED:**

(1) Plaintiff's Motion in Response to Order (Doc. 8), which the Court has construed as a request to voluntarily dismiss this case, is

    (a) **granted in part**, to the extent that the Court will dismiss this case without prejudice and will direct the Clerk of Court to send Plaintiff a copy of the payment receipt in 13-CV-8004-PCT-DGC (SPL), and

    (b) **denied in part**, to the extent Plaintiff is seeking a copy of the complaint.

(2) This case is **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must send Plaintiff a copy of the payment receipt in 13-CV-8004-PCT-DGC (SPL): PHX 129795.

Dated this 23rd day of January, 2014.

_____
David G. Campbell
United States District Judge

```
DUPLICATE

Court Name: United States District Court
Division: 2
Receipt Number: PHX129795
Cashier ID: lbrewste
Transaction Date: 01/08/2013
Payer Name: NORA JENKINS

CIVIL FILING FEES
 For: TROY SIMS
 Case/Party: D-AZX-2-13-CV-008004-001
 Amount:         $350.00

CASH
 Amt Tendered:  $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


A fee of $53 will be assessed on
all returned remittances.
```